UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremy R. Johnson,<br><br>   Plaintiff,<br><br>v.<br><br>Consumer Portfolio Services, Inc.<br><br>   Defendant. | **COMPLAINT AND<br>DEMAND FOR A JURY TRIAL** |

## INTRODUCTION

1. This is an action for damages brought by Jeremy R. Johnson against Consumer Portfolio Services, Inc., for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and invasions of privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists the state law claim under 28 U.S.C. § 1367. This Court has federal question jurisdiction over the TCPA. *Mims v. Arrow Financial Services,* LLC, 565 U.S. ____, 132 S. Ct. 740 (2012).

3. Venue is proper in this district because the relevant acts and transactions occurred within Minnesota, Plaintiff resides within Minnesota and Defendant transacts business within Minnesota.

## PARTIES

4. Plaintiff, Jeremy R. Johnson, is a natural person residing in the City of

Minneapolis, County of Hennepin and State of Minnesota.

5. Defendant, Consumer Portfolio Services, Inc., ("CPS") is a California corporation with its principal place of business located at 19500 Jamboree Road, Irvine, California 92612.

## FACTS

6. Sometime prior to January 1, 1999, Plaintiff purchased a vehicle financed with a car loan from Defendant CPS. The loan was secured by a lien on Plaintiff's vehicle.

7. In June of 1999, Plaintiff suffered financial hardship and was unable to the pay the regular, monthly payments for car loan. After several months of missed payments, Defendant CPS repossessed Plaintiff's vehicle.

8. Upon information and belief, Defendant CPS sold the vehicle and applied the proceeds toward the balance remaining on the car loan.

9. Upon information and belief, Defendant CPS believed that Plaintiff owed a deficiency on the car loan because the proceeds from the sale of the repossessed vehicle did not cover the expenses and car loan balance.

10. Beginning in 1999, Defendant CPS began the process of attempting to collect the alleged outstanding balance from Plaintiff.

11. Between the period of 1999 through the present, Defendant CPS has made hundreds of phone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

*Telephone Consumer Protection Act*

12. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

13. At all times relevant to this complaint, Defendant CPS has owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

14. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(50).

15. Defendant CPS at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

16. At all times relevant to this complaint, the Defendant CPS has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

17. At all times relevant to this complaint, Defendant CPS has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## SPECIFIC CALLS

18. In the four years prior to the date of this Complaint, Defendant CPS made in excess of 200 phone calls to Plaintiff's cellular telephone using an automatic telephone dialing system in an attempt to collect the alleged Debt from Plaintiff. *See* "CALL LIST" attached hereto as Exhibit A.

19. On several occasions, Plaintiff answered the phone calls from Defendant CPS. After the Plaintiff answered the phone, there would be a pause before an operator

would begin speaking into the telephone. This pause before the operator began speaking indicates that Defendant CPS was using an automatic telephone dialing system when it made calls to Plaintiff.

20. On several days, Defendant CPS made five or more call to Plaintiff's cell phone. These repeated phone calls in a short period of time indicates that Defendant CPS was using an automatic telephone dialing system when it made calls to Plaintiff.

### EMOTIONAL DISTRESS

21. As a result of the Defendant's repeated violations of the TCPA and invasions of Plaintiff's privacy, Plaintiff suffered actual damages in the form emotional distress. Plaintiff suffered from anxiety, stress, frustration, among other negative emotions and physical symptoms.

### CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(B)(1)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Within the four year period immediately preceding this action, Defendant CPS made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

24. The acts and or omissions of Defendant CPS at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully,

intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

25. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant CPS at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

26. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

27. Defendant CPS willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

28. Plaintiff is entitled to injunctive relief prohibiting Defendant CPS from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT II.
### INVASION OF PRIVACY BY INTRUSION ON SECLUSION

29. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

30. Defendant CPS and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully making phone calls to Plaintiff in violation of the TCPA. See *Owners Ins. Co. v. European Auto Works, Inc.*, 695 F.3d 814, 819 – 820 (8th Cir. 2012) ("We conclude that the ordinary meaning of the term "right of

privacy" easily includes violations of the type of privacy interest protected by the TCPA. Our court has previously stated that violations of the TCPA are "'invasions of privacy' under [the] ordinary, lay meaning[] of the[] phrase [].")(quoting *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.,* 401 F.3d 876, 881 (8th Cir. 2005)).

31. Defendant CPS and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect the alleged Debt.

32. Defendant CPS and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

33. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

34. The conduct of Defendant CPS and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant CPS which occurred in a way that would be highly offensive to a reasonable person in that position.

35. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

### PRAYER FOR RELIEF

**THEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

### COUNT I.

**Violations of the Telephone Consumer Protection Act**

1. For a declaration that Defendant CPS's telephone calls to Plaintiff violated the TCPA;

2. For an award of damages consistent with the TCPA, 47 U.S.C. § 227(b)(3)(B);

3. For an award of triple the damages available under 47 U.S.C. § 227(b)(3) for willful or knowing violations of the TCPA;

4. For a permanent injunction prohibiting Defendant CPS from placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

5. Such other or further relief as the Court deems proper;

## COUNT II.
## Invasion of Privacy by Intrusion Upon Seclusion

6. For an award of actual damages for the emotional distress suffered as a result of the TCPA violations and invasions of privacy in an amount to be determined at trial; and

7. For such other and further relief as may be just and proper.

**HEANEY LAW FIRM, LLC**

Date: **February 19, 2014**          *s/ Mark L. Heaney*
Mark L. Heaney  (#333219)
13911 Ridgedale Drive, Suite 110
Minnetonka, Minnesota 55305-1773
Telephone: (952) 933-9655
Facsimile:  (952) 544-1308
Email: mark@heaneylaw.com

*Attorney for Plaintiff*

# EXHIBIT "A"

# CALL LIST

| No: | Date | Time (CST) | PM/AM | Incoming Number |
|---|---|---|---|---|
| 1 | 4/23/2013 | 11:50 | am | 949-788-5600 |
| 2 | 5/8/2013 | 12:56 | am | (877) 757-4365 |
| 3 | 7/10/2013 | 3:36 | pm | (877) 757-4365 |
| 4 | 7/24/2013 | 3:14 | pm | (877) 757-4365 |
| 5 | 8/5/2013 | 10:53 | am | (877) 757-4365 |
| 6 | 8/26/2013 | 11:25 | am | (877) 757-4365 |
| 7 | 9/9/2013 | 12:35 | pm | (877) 757-4365 |
| 8 | 9/10/2013 | 10:08 | am | (877) 757-4365 |
| 9 | 9/16/2013 | 8:37 | am | (877) 757-4365 |
| 10 | 9/23/2013 | 8:51 | am | CPS Unknown |
| 11 | 9/25/2013 | 8:48 | am | (877) 757-4365 |
| 12 | 9/25/2013 | 1:23 | pm | (877) 757-4365 |
| 13 | 9/26/2013 | 8:28 | am | (877) 757-4365 |
| 14 | 10/4/2013 | 11:18 | am | (877) 757-4365 |
| 15 | 10/10/2013 | 7:39 | am | (877) 757-4365 |
| 16 | 10/11/2013 | 8:05 | am | (877) 757-4365 |
| 17 | 10/16/2013 | 7:55 | am | (877) 757-4365 |
| 18 | 10/25/2013 | 10:31 | am | (877) 757-4365 |
| 19 | 11/01/2013 | 10:42 | am | (877) 757-4365 |
| 20 | 11/01/2013 | 11:13 | am | (877) 757-4365 |
| 21 | 11/4/2013 | 8:47 | am | CPS Unknown |
| 22 | 11/5/2013 | 12:07 | pm | (877) 757-4365 |
| 23 | 11/11/2013 | 1:22 | pm | (877) 757-4365 |
| 24 | 11/12/2013 | 10:18 | am | (877) 757-4365 |
| 25 | 11/18/2013 | 9:03 | am | (877) 757-4365 |
| 26 | 11/19/2013 | 10:14 | am | (877) 757-4365 |
| 27 | 11/27/2013 | 9:11 | am | (877) 757-4365 |
| 28 | 12/02/2013 | 2:58 | pm | (877) 757-4365 |
| 29 | 12/11/2013 | 12:47 | pm | (877) 757-4365 |
| 30 | 12/12/2013 | 8:29 | am | (877) 757-4365 |
| 31 | 12/17/2013 | 8:13 | am | (877) 757-4365 |
| 32 | 12/20/2013 | 8:50 | am | (877) 757-4365 |
| 33 | 12/27/2013 | 3:07 | pm | (877) 757-4365 |
| 34 | 12/30/2013 | 9:53 | am | (877) 757-4365 |
| 35 | 1/06/2014 | 2:11 | pm | CPS Unknown |
| 36 | 1/13/2014 | 1:39 | pm | CPS Unknown |
| 37 | 1/20/2014 | 12:03 | pm | CPS Unknown |
| 38 | 1/27/2014 | 8:29 | am | CPS Unknown |
| 39 | 2/03/2014 | 8:31 | am | CPS Unknown |